IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-30267

Summary Calendar

---

CURTIS E. DILLON,
also known as Bradford K. Dillon,

Plaintiff-Appellant,

versus

A.J. THIBODEAUX; MICHAEL LaGRANGE,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Western District of Louisiana
(96-CV-945)

---

October 27, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Curtis Dillon appeals the district court's grant of summary judgment in favor of A.J. Thibodeaux and Michael LaGrange in his suit brought under 42 U.S.C. § 1983. Dillon's suit alleges that he was injured during a fight with a fellow inmate at the Avoyelles Parish Jail because prison officials failed to respond to threats to his safety and act in an objectively reasonable fashion.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court, relying on affidavits submitted by Thibodeaux, LaGrange, and other prison officials, concluded that there existed no genuine issue of fact as to whether the defendants acted reasonably in response to the fight. Both LaGrange and a shift lieutenant on duty at the time of the fight stated in their affidavits that prison officials responded to the altercation in a timely manner and that no official had prior knowledge of a conflict between Dillon and his assailant.

For his part, Dillon offered a statement signed by eight inmates who witnessed the fight. In the statement, the prisoners contend that LaGrange was "well aware" of a "verbal altercation" between Dillon and his assailant but did nothing to "control or contain" it. The prisoners also state that LaGrange made no effort to stop the fight or render assistance once it had begun.

The magistrate judge, in his recommendation concerning the case, discounted the prisoners' statement as being merely conclusory in nature, and the district court adopted the magistrate's recommendation. We do not agree. The statement of the prisoners is vague and brief, but it does assert a fact that flatly contradicts the affidavits of the prison officials: that LaGrange was aware of the confrontation between Dillon and the other inmate but did nothing to stop it from escalating. Under these circumstances, we must conclude that a genuine issue of material fact exists as to the reasonableness of LaGrange's

actions.  Accordingly, the district court's judgment in favor of LaGrange is REVERSED and REMANDED for further proceedings.

Dillon has not challenged the district court's grant of summary judgment in favor of Thibodeaux, the warden of the jail. He makes no arguments showing that the grant of summary judgment in favor of Thibodeaux was inappropriate.  Accordingly, his claim against Thibodeaux is abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  The district court's grant of summary judgment in favor of Thibodeaux is AFFIRMED.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.